IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANE HOPKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>SCOTT MEDIO, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 12-5134 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Plaintiff Shane Hopkins' appeal [Docket Item 100] of Magistrate Judge Joel Schneider's May 12, 2015 Order [Docket Item 96] denying Plaintiff's second motion to appoint pro bono counsel. The Court will affirm the May 12, 2015 Order because the Court finds that the factors articulated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993) weigh against the appointment of counsel in this case, and Judge Schneider's denial of Plaintiff's motion to appoint counsel was neither clearly erroneous nor an abuse of discretion. The Court finds as follows:

1.   The Court need not repeat the facts and procedural history of this case, which are detailed at length in this Court's March 31, 2015 Opinion addressing Defendants' motion for summary judgment. [Docket Item 90.] It is sufficient to note that Plaintiff in this action asserts claims based on alleged

misconduct by various administrators and employees of the Atlantic County Justice Facility ("ACJF"). Following opinions of this Court addressing sua sponte screening under 28 U.S.C. § 1915(e)(2) [Docket Item 5], Plaintiff's motion to amend [Docket Item 46], and Defendants' motion for summary judgment [Docket Item 90], Plaintiff's only remaining claims are those for excessive force, failure to intervene, and retaliation.[1] [Docket Item 90.] These remaining claims are based on the same underlying allegations regarding a violent altercation between Plaintiff and certain correctional officers at ACJF on January 14, 2011 during which Plaintiff contends that the officers, without provocation, grabbed him by the throat, threw him to the cell floor, shackled him, then used his head and face as a "battering ram" against the cell wall.

    2.   Plaintiff filed his first motion to appoint counsel on October 24, 2013 [Docket Item 38], which Judge Schneider denied on January 14, 2014 [Docket Item 53]. Soon after this Court granted in part and denied in part Defendants' motion for summary judgment, Plaintiff filed his second motion to appoint counsel on April 20, 2015 [Docket Item 92], which Judge Schneider denied without prejudice by Order entered May 12, 2015 [Docket Item 96]. Judge Schneider reviewed the Tabron factors

---

[1] Plaintiff maintains that Officers Medio and Almeida retaliated against him for filing grievances about the alleged assault.

and found that they uniformly weighed against the appointment of counsel except for Plaintiff's ability to attain and afford counsel which weighed in favor of appointing counsel. Judge Schneider construed a late submission in support of Plaintiff's motion to appoint counsel as a request for reconsideration and denied same for failure to present any new facts or law as required to alter the May 12, 2015 Order. [Docket Item 101.] This appeal followed. [Docket Item 100.] Because Plaintiff in his initial submission failed to identify the basis of his objection to Judge Schneider's Order, the Court directed Plaintiff to file a brief articulating the basis of his appeal. [Docket Item 102.] Plaintiff filed a brief in accordance with the Court's directive [Docket Item 105] and Defendants filed opposition [Docket Item 114].

   3.   Plaintiff in this appeal argues that the Court should appoint pro bono counsel because this case is complex, calls for extensive questioning, and necessarily turns on credibility determinations. Plaintiff also contends that he lacks the education and experience necessary to present his case, he has had difficulty engaging in discovery due to his incarceration, and expert testimony might be required to establish the extent of his injuries. Defendants note in response that appointment of counsel rests in the Court's discretion and Plaintiff is not entitled by right to pro bono counsel. Defendants argue that

Plaintiff's many submissions to the court in this matter indicate a more-than-adequate ability to present his case. Defendants reject Plaintiff's assertion that he has been unable to engage in discovery and note that the outcome will turn on objective evidence in the record, not just witness testimony. Defendants further maintain that neither party has submitted an expert report and Plaintiff has provided no evidence regarding his attempt to obtain counsel.

4.   When a magistrate judge decides a non-dispositive motion, the "district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1120 (3d Cir. 1986); see also L. Civ. R. 72.1(c)(A)(1) ("A Judge shall consider the appeal . . . and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").[2]

---

[2] Plaintiff requests de novo review of Judge Schneider's May 12, 2015 Order and Defendants appear to agree that this is the appropriate standard of review. However, the standard of review applicable in this District to decisions on non-dispositive motions, including motions for appointment of counsel, is whether the Magistrate Judge's order was "clearly erroneous or contrary to law." L. Civ. R. 72.1c(1)(A). See also Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993) ("[B]ecause 28 U.S.C. § 1915(d) gives the district courts broad discretion to appoint counsel, the courts of appeals should reverse that exercise of discretion only where the party seeking appointment has shown that the district court's decision not to appoint counsel was clearly an abuse of discretion."); Christy v. Robinson, 216 F. Supp. 2d 398, 406 (D.N.J. 2002) ("A district court's exercise of

5.   A magistrate judge's finding is clearly erroneous when "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (quoting Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990); United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if "the magistrate judge has misinterpreted or misapplied applicable law." Id. Where a magistrate judge "is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Id.

6.   In the present case, Judge Schneider's denial of Plaintiff's motion to appoint counsel was neither clearly erroneous nor an abuse of discretion. Judge Schneider correctly identified and applied the relevant legal rules. As noted by Judge Schneider, Plaintiff sought appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts retain considerable discretion to request counsel for a plaintiff

---

its power to appoint counsel in civil cases is reviewable under the abuse of discretion standard."). Regardless of the standard of review, the Court finds that Plaintiff's appeal must be denied and Judge Schneider's Order affirmed.

5

proceeding in forma pauperis. Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011). Appointment of counsel is a privilege, not a statutory or constitutional right. Id. Courts, in deciding whether to appoint pro bono counsel, first must consider whether plaintiff's claim "has some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (quotation omitted). If the court finds that it does, the court should consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5). This list of factors is not exhaustive, nor is a single factor determinative. Id. at 458. Instead, the factors serve as guideposts for district courts to ensure valuable attorney time is not "wasted on frivolous cases." Id.

7.  Judge Schneider correctly noted that based on this Court's denial of Defendants' motion for summary judgment on Plaintiff's excessive force, failure to intervene, and retaliation claims, Plaintiff's claims appear to have some merit

in fact and law. The Court finds that Judge Schneider's subsequent analysis of the Tabron factors was neither clearly erroneous nor an abuse of discretion. The Court agrees with Judge Schneider as to the first factor that Plaintiff's demonstrated ability to present his case weighs against the appointment of counsel. Plaintiff's argument that he lacks the education or experience to sufficiently pursue his claims is belied by his many detailed and well-composed filings in this case, including his brief in support of this appeal which is thorough, well-written, and well-supported by citations to legal authority. See Dippolito v. United States, Civ. 13-175 (RBK/JS), 2015 WL 1104813, at *2 (D.N.J. Mar. 11, 2015). Plaintiff has represented himself in at least two other federal cases in which motions for appointment of counsel were denied. As this case proceeds to trial, the Court is confident based on Plaintiff's conduct in this litigation thus far that he possesses the education, experience, and skill necessary to present his case to a jury.

8.   Judge Schneider's conclusion as to the second factor was neither clearly erroneous nor an abuse of discretion. As Judge Schneider found, Plaintiff's remaining claims are not particularly complex. They revolve around a single incident during which he was alleged assaulted by the defendant correctional officers. See Nadal v. Christie, Civ. 13-5447

7

(RBK), 2013 WL 6331058, at *3 (D.N.J. Dec. 4, 2013) (noting that plaintiff's claims emanate from a single set of facts). Plaintiff's submissions throughout this case have demonstrated an understanding of the relevant legal issues and a command of the factual record. Moreover, Plaintiff's claims for excessive force, failure to intervene, and retaliation turn on significant factual disputes as opposed to nuanced legal arguments. Consequently, Judge Schneider did not err in finding that this factor weighed against appointment of counsel.

9.   The Court finds similarly as to the third factor regarding Plaintiff's ability to pursue factual investigation. Judge Schneider's opinion is particularly persuasive on this point as he handled discovery-related matters throughout this litigation. Defendants continue to maintain that they have provided Plaintiff with full and complete discovery and responded to his numerous discovery requests. Plaintiff now identifies a number of police officers with whom he allegedly interacted before and after the January 14, 2011 incident. Plaintiff asserts that he has not had an opportunity to subpoena or depose these officers due to his incarceration. However, Plaintiff's incarceration has not prevented him from engaging in discovery. See <u>Abuhouran v. United States</u>, 389 F. App'x 179, 182 (3d Cir. 2010) (noting that incarcerated plaintiffs may face hardships in prosecuting their cases, but "the mere fact that a

8

litigant is indigent or imprisoned does not entitle him to the appointment of counsel under 28 U.S.C. § 1915(e)(1)"); Davis v. Two Unknown Named Agents Of F.B.I., Civ. 07-2135 (FSH), 2007 WL 3349494, at *1 n.5 (D.N.J. Nov. 7, 2007) ("[D]iscovery is not necessarily constrained by Plaintiff's incarceration."). Although Plaintiff may have encountered some challenges in the discovery process on account of his incarceration, Plaintiff's ability to pursue discovery overall does not weigh in favor of appointing counsel.

10.  The fourth factor also weighs in favor of denying Plaintiff's motion and denying the instant appeal. As Judge Schneider observed, this case is not "solely a swearing contest" because the record includes substantial evidence beyond witness testimony including objective medical evidence, video, photographs, and written reports. Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997). Plaintiff admits as much by noting that "a fair amount of the facts in this case are contained on video recordings."[3] (Pl. Br. at 4.) Moreover, this Court agrees with Judge Schneider that Plaintiff has not explained why cross-examining Defendants might pose a significant challenge. As noted above, Plaintiff's handling of this case to this point

---

[3] The Court is unpersuaded by Plaintiff's argument that security concerns will restrict his ability to pause and rewind videos at trial.

suggests a firm grasp of the issues and an ability to competently present them to the Court and the jury. Therefore, the Court finds no error in Judge Schneider's consideration of the fourth Tabron factor.

11.  Likewise, Judge Schneider's analysis of the fifth factor was neither clearly erroneous nor an abuse of discretion. Plaintiff in support of his appeal again argues that expert testimony may be required to present his claims. However, neither party has presented an expert report. See Clinton v. Jersey City Police Dep't, Civ. 07-5686 (KSH), 2009 WL 2230938, at *1 (D.N.J. July 24, 2009) (noting absence of expert disclosures). As such, the Court agrees with Judge Schneider that this factor cannot weigh in favor of appointing counsel.

12.  The Court also agrees with Judge Schneider's decision as to the final factor. Judge Schneider reasoned that this Court's decision to allow Plaintiff to proceed in forma pauperis suggests that he is unable to afford counsel. Although Defendants note that many personal injury cases proceed on a contingency basis and Plaintiff has failed to offer any evidence regarding his efforts to obtain counsel, the Court finds no error in Judge Schneider's determination that Plaintiff's ability to secure counsel could have been significantly hindered by his indigent status. See Montgomery v. Pinchak, 294 F.3d 492,

505 (3d Cir. 2002). Consequently, this factor weights in favor of appointing counsel as Judge Schneider found.

    13.  In light of the foregoing, the Court finds that the <u>Tabron</u> factors weigh against the appointment of counsel in this case and the Court will affirm Judge Schneider's May 12, 2015 Order denying Plaintiff's motion to appoint pro bono counsel.

| | |
|---|---|
| <u> **August 12, 2015** </u><br>Date | <u> **s/ Jerome B. Simandle** </u><br>JEROME B. SIMANDLE<br>Chief U.S. District Judge |